Okey, J.
At the common law the attorney-general has authority to proceed by information in all cases of misdemeanor, except misprision of treason, though in practice he rarely does so except when directed by some department of the government. In Connecticut and a few other states, informations are resorted to even more frequently than in England, but in nearly all of those states the information must be verified by affidavit, or based on affidavit and warrant.
By our constitution of 1802 it was provided (art. 8, § 10), “ That no person arrested or confined in jail shall be treated with unnecessary rigor, or be put to answer any criminal charge¿ but by presentment, indictment or impeachment.” In GwrnphelVs case, Tappan, 29, 33, decided in 1816, an information was filed, and it was urged that notwithstanding the above language *142 of the constitution, the common law power to proceed by information still existed. But the court said : “An information is as much a criminal prosecution as an indictment. The same process issues on the one as on the other, to bring the person charged or informed against before the court; and that process, with us, is a capias. The defendant has been taken by a capias, and is now holden to answer this information. I think a fair construction of our constitution requires us to hold that the proceeding by information is prohibited. If we examine the history of informations, we shall find that they have crept into use against the plain meaning of Magna (Jliarta; that, although in England a series of precedents supports them, yet they are neither congenial to our principles of government, nor countenanced or permitted by the state constitution. Such is the unanimous opinion of this court.”
I am not aware that any attempt to proceed by information was afterward made in any criminal case under that constitution, unless we except contempts of court, in which the necessity for any other proceeding than one of a summary character does not exist. They are, indeed, in legal strictness, not criminal cases.
Under our present constitution (art. 1, § 10), in cases where the punishment is less than imprisonment in the penitentiary, an indictment is unnecessary, unless provided for by statute. Dillingham v. The State, 5 Ohio St. 280, 282. But in so ordaining, the framers of the constitution did not intend to substitute, in such cases, the proceeding by criminal information as it exists at common law. Reasons for this conclusion are stated in Gates v. The State, 3 Ohio St. 293, but there are others equally cogent. *
The present constitution provides (art. 1, § 14): “ The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to bo searched and the person and things to be seized.” The fourth amendment to the constitution of tlie United States is in almost the same words, but does not apply to offenses pros *143 ecuted under state laws; and, doubtless, the fifth section of the eighth article of the constitution of 1802 has no other or different meaning than article 1, section 14, above mentioned. ■
Obviously the provision in article 1, section 14, is not to be confined to cases literally .within its terms. So applied it might prohibit a search warrant in a case where stolen property lias been secreted, but no particular person is suspected of the theft. As Scott, O. J., says in Walker v. Cincinnati, 21 Ohio St. 53, speaking of the proper construction of the constitution : “ Of course, I do not mean that we are bound to adhere strictly to the letter, without regard to the evident meaning and spirit of the instrument. The fundamental law of the state is to be construed in no such narrow and illiberal spirit. On the contrary, it is to be construed according to its intention, where that is clear; and that which clearly falls within the reason of the prohibition may be regarded as embodied within it.” And see District Court Case, 34 Ohio St. 431, 440, 441.
Wc regard the section quoted (art. 1, § 14) as asserting this important principle, that no person shall be placed on trial for a crime against the laws of this state upon the mere information of a public prosecutor, nor until he has been charged with the commission of such crime upon oath or affirmation. An indictment, being founded upon oath or affirmation, of course satisfies the requirements of the constitution.
The constitution does not provide for prosecution by information, nor does any statute make provision for such mode of prosecution in the police court; still, we have no doubt that is a very proper and convenient mode of carrying on prosecutions before that tribunal; but we hold that the basis of such information must, under the constitution, be a charge on oath or affirmation. Moreover,- we do not mean to say that such information must be confined literally to the charge in the affidavit, nor that such information may not be amended. Probably the rule on this subject is correctly stated in Gates v. The State, supra. Nor do we deny the power of officers, and even private persons, to arrest criminals, under some circumstances, without warrant or charge on oath or affirmation. This power is recognized in our statutes (66 Ohio L. 291; 74 Ohio L. 317; Rev. *144 Stats. §§ 7129, 7130), has long existed, and is not prohibited by any constitutional provision. But these statutes provide, in effect, that the person so arrested can only be detained “until a legal warrant can be obtained,” and such warrant can only be issued on oath or affirmation. In other words, such power to detain without warrant exists to the end that there may not be a failure of justice through the escape of criminals, and the power is measured by, and ends with, the necessity on which it is based.
We are of opinion, therefore, that by force of this' constitutional provision (art. 1, § 14), and others in harmony with it, the conviction of Eichenlaub is erroneous, for he was never charged on oath or affirmation with larceny or receiving stolen goods. But a fair construction of our statutes requires us to say, that the legislature has never authorized proceedings in a criminal case, unless such information was based on a warrant issued upon oath or affirmation, charging the person informed against with the commission of a crime. In 1856, the legislature authorized'the prosecuting attorney to “file his information originally in the probate court, without a preliminary hearing before an examining court” (53 Ohio L. 137; 2 S. & C. 1219); and that provision is still in force (75 Ohio L. 960, § 4; Rev. Stats. § 6457); but this, it will be seen, can only be done “ upon the proper affidavits being filed; ” and the judge is required, to issue a warrant. And so it is with the police judge. He has in criminal cases the same jurisdiction as a justice of the peace (66 Ohio L. 176, § 166 ; Rev. Stats. § 1787), and a fair construction of the various statutes relating to the subject requires us to say, that such jurisdiction must be invoked in the same way, that is, by warrant founded on complaint made under oath or affirmation. True, the statute provides, that “ the mode in which business shall be brought before the court shall be fixed by ordinance or rule of court; ” ' and that “ the judge shall adopt such rules of practice and procedure as will give all parties a proper statement of any charge against them ” (66 Ohio' L. 177; Rev. Stats. §§ 1794,1795); but this does not have the effect of dispensing, and, for the reasons already given, could *145 not dispense, with the warrant, founded on oath or affirmation, required by the constitution and laws.

Judgment reversed.